## DIVIDENDS TO PREFERRED STOCKHOLDERS.

Common Pleas Court of Hamilton County.

AUGUSTUS L. DUWELIUS v. THE CHAMPION FIBRE COMPANY.*

Decided, 1924.

*Preferred Stockholders—Not Entitled to Equality of Participation in Profits, When—Stipulations as to Dividends—Effect of Modern Legislation on the Rights of Stockholders.*

1. The holders of preferred stock of a corporation are not entitled to equality of participation in profits with the holders of the common stock, their preferential rights being given in lieu of and to the exclusion of such equality.

2. Holders of preferred stock in which the dividend is limited to six per cent. can not claim any dividend in excess of that amount, notwithstanding that the statute providing for the issue of such stock also provides that preferred stockholders may be entitled to dividends not exceeding eight per cent.

*H. J. Appling,* for plaintiff.

*Waite, Schindel & Bayless,* for defendant.

DARBY, J.

This case was submitted to the court on the motion of the defendant for judgment in its favor on the pleadings.

The amended petition sets forth in brief that the plaintiff is the holder of stock of the defendant which he has owned since the original issue of such stock in 1916; that the certificates of stock as issued to him had endorsed upon them the following:

"The owner of this certificate is entitled to receive a cumulative dividend of six per cent per annum, payable quarterly, on the first days of April, July, October and January of each year out of the net profits of said company in preference to the owners of any common stock therein, and in case of dissolution and liquidation by the company to be paid the full value of his shares out of the assets in preference to any payment out of the same to the holders of the common stock, and said shares are transferable only on the books of the

* Affirmed by the Court of Appeals, July 28, 1924.

company in person  or  by attorney on the  surrender of this certificate.   This stock is issued in  pursuance of Section 3262 and 3263 of the revised statutes of Ohio in accordance with and subject to the terms and conditions of resolutions of the stockholders of this company passed on the twenty-second day of November, 1906, endorsed hereon and made part hereof. This certificate is not valid until countersigned by the registrar.''

Plaintiff further alleges that he received preferred dividends amounting to 6% upon his stock, but has received none of the net profits of said company other than said 6%.  He states that the defendant is indebted to him as his *pro rata* share of the surplus profits of said company and dividends declared therefrom by its directors and paid to the owners of the common stock certain amounts per year per share, specifying they aggregate $11,512.50. . Plaintiff further says that the defendant company has sufficient surplus profits out of which to pay him said *pro rata* share of the surplus profits, and has neglected and refused to do so, and has failed to make appropriations of money for that purpose, and therefore he asks judgment in said sum.

The period covered by plaintiff's claim is from the year 1917 to and including the year 1922, and specifies the amount which he claims upon each share for each year.

The answer sets out two defenses.   In the first it is averred that the stock of the plaintiff was part of an original issue of ten thousand shares, and was purchased and paid for by plaintiff through the transfer agent and registrar of the defendant, upon a prospectus reciting that the stock was a 6% cumulative preferred stock; that such stock was issued pursuant to Sections 3255-*a*, 3262 and 3263, Revised Statutes of Ohio, and in accordance with and subject to the terms of the resolution of the stock-holders of the defendant which is set forth in full and is as follows:

''Be it Resolved. That the Capital Stock of this Company be increased from one million ($1,000,000) dollars, its present Capital Stock, to two million ($2,000,000) dollars; that said increase shall consist of preferred stock and shall be divided into ten thousand (10,000) shares of the par value of one

hundred (100) dollars each; that there shall be stipulated in the certificates thereof that the holders of such stock shall be entitled to a dividend of six per centum per annum, out of the annual profits of this company, in preference to all other stockholders, and a preference over all other stockholders up to par value of said preferred stock, out of the assets of said Company in case of liquidation, saving the rights of all creditors; that such preferred dividend shall be cumulative and payable quarter yearly in equal amounts of one and one-half percent (1-1/2%) per quarter; but each certificate of said preferred stock shall provide that the holder thereof shall not have the privilege of voting at any stockholders meeting, except in case of default in the payment of any two quarterly dividends in which case the right to vote shall accrue and shall continue until all past due dividends have been paid; that the holder thereof waives the right to exchange said preferred stock for common stock; and it shall be further stipulated that this company will not place any mortgage or create any lien of any kind upon the property of the Company or any part thereof, or upon the earnings or issue any other preferred stock unless the holders representing three fourths of the preferred stock shall previously consent in writing.''

The answer proceeds to set out that the statutes referred to provide for increasing capital stock by the issue and disposition of preferred stock, but that the corporate power for the issue of the stock in question was granted by Section 3235-a, (G. C. 8668) which also provided that holders of such a preferred stock should be entitled to dividends not exceeding 8%, and that by the contract with the purchasers of said stock, including the plaintiff, the dividends were limited to 6%.

Defendant denies the allegations as to the paying of dividends on common stock alleged in the amended petition, and denies that it is indebted to plaintiff in the sum asked for, or any other sum, and further denies that he is entitled to any part of the surplus profits of the defendant not set aside for the payment of dividends, by the board of directors, or to any dividends in excess of 6% per annum upon the par value of the stock held by him, which amount he admits has been paid to him each year during which he has held such stock.

The second defense sets forth that the plaintiff has received

as dividends upon his stock 6% per annum, or a total of 93%, whereas during said period dividends on the common stock had been paid only to the amount of 81½%.

The question in this case as presented by the pleadings, is as to whether or not under the laws of Ohio, and the stipulations under which this preferred stock was issued, based upon the resolution of the stockholders, this plaintiff as the owner and holder of preferred stock, is entitled to receive dividends in excess of 6%, which is the rate of dividend specified on such stock.

Generally speaking it may be said that the contract between the parties under which said stock is issued is held to be controlling. Some of the authorities are of no assistance in determining the question in this case for the reason that the stock as authorized under certain statutes is entitled to share with the common stock after the payment of specified dividends. Certain authorities have laid it down as a general rule that the preferred and common stockholders stand on a parity, and that the preferred stockholders are entitled to receive in addition to the dividends specified on their preferred stock, an amount equal to that which the common stockholders received in addition to an amount equal to that paid to the preferred stockholders.

The better reasoning, however, seems to support the claim of the defendant in this case by the authorities both in this country and in England. The most recent case which has come to the attention of the court is *Stone* v. *Envelope Co.*, 119 Me., 394, in which all the cases sustaining the position of the defendant are referred to, including the recent case of *Will* v. *United Lankat Plantations Co.*, Appeal Cases, 1914, p. 11.

In the case of *Stone* v. *Envelope Co.*, it is laid down:

"That the respective rights of common and preferred stock are fixed by a contract which is commonly set forth in the corporate by-laws. Within wide limitations any preferential rights provided for in the by-laws will be given effect to by courts.

"Where nothing to the contrary appears the creation of preferred stock *prima facie* implies that the preferential rights of the stockholders are given in lieu of and to the exclusion of the equality in participation which would otherwise exist."

In *Will* v. *United Lankat Plantations Co., Ib.*, the identical question here presented was involved, and it was held that where stock was issued and as to which the holders thereof were entitled—

"to a cumulative preferential dividend at the rate of 10 per cent. per annum on the amount for the time being paid upon such shares, and that such preference shares should rank, both as regards capital and dividend, in priority to the other shares. * * * that in the distribution of profits holders of the preference shares were not entitled to anything more than a 10 per cent. dividend."

This is not a new question in Ohio, having been heretofore considered in the case of *Shimmon* v. *Screw & Tack Co.*, 18 N. P. (N. S.) 569. In that case, which was decided by Foran, J. of the Court of Common Pleas of Cuyahoga county, all the authorities on both sides of the question stated were considered, and the court says on page 579:

"The weight of authority and reason, however, is that preferred stockholders are limited in the distribution of dividends to the amount specified in the stock certificate. *Niles* v. *Valve Co.*, 196 Fed. Rep., 994, affirmed, *Niles* v. *Valve Co.*, 202 Fed. Rep., 141. See, also, *Palmer, Precendents*, p. 814; *Will* v. *Plantation Co.*, 107 Law T. Rep., 360; affirmed in the House of Lords, 109 Law T. Rep., 754. This latter case, decided finally October, 1913, seems to be the latest utterance on the subject, and presents by far the most illuminative and conclusive reasoning. There are no Ohio authorities upon the subject, and we think for the reason that no preferred stockholder ever believed that he had a right to participation in dividends other than declared in his stock certificate, and that he was limited to the amount therein named. The reasoning in support of the contrary opinion is based wholly upon Cook's dictum that 'a share of stock is a share of stock, whether preferred or common.' See Cook, Corporations, Section 269. A horse is a horse, whether gray or black, but each may have its limitations, each may have attributes wholly peculiar to itself. While both are generally alike and have many attributes in common, yet specifically they may be vastly different in power, speed, character and disposition. There is no argument or reason in Cook's dictum. It is only dictum in the sense that it is not the professed, deliberate determination of a court whose judgment will stand the test of rigid critical

analysis. A great deal has been said and written concerning the sacred rights of stockholders which modern legislation enacted for their protection has rendered obsolete and irrelevant.''

For the reasons given and upon the authorities especially referred to, and those contained in the decision mentioned by Judge Foran, the court is of the opinion that the defendant in this case is entitled to judgment upon the pleadings for the reason by the admissions of the plaintiff he has received all of the 6% dividends to which he is entitled as a preferred stockholder, and that he is entitled to nothing further from the defendant as a stockholder.

Judgment for the defendant.